# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3707

_____

Yvonne L. Regel; Shirley A. Devries,   *
                                         *
    Appellants,                         *
                                         *   Appeal from the United States
    v.                                  *   District Court for the
                                         *   Northern District of Iowa.
K-Mart Corporation,                      *
                                         *
    Appellee.                           *

_____

Submitted: June 18, 1999
    Filed: September 9, 1999

_____

Before BOWMAN and HEANEY, Circuit Judges, and LONGSTAFF,[1] District Judge.

_____

BOWMAN, Circuit Judge.

    Yvonne E. Regel and Shirley A. Devries appeal the grant of summary judgment in favor of their former employer, K-Mart Corporation, on their claims of age discrimination and interference with employment benefits. We affirm.

    Regel and Devries worked at a K-Mart store in Charles City, Iowa, until they both were discharged in May 1995. At the time they were discharged, Regel was sixty-

_____

[1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa, sitting by designation.

two years old and had worked for K-Mart for almost eleven years, and Devries was fifty-five years old and had been employed by K-Mart for about thirteen years. Both were full-time employees entitled to various employee benefits such as health insurance and retirement benefits.

Regel and Devries sued K-Mart contending they were terminated on account of their age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a) (1994), and Iowa Code § 216.6 (1994). They also claimed that K-Mart terminated their employment in an intentional effort to interfere with their employment benefits in violation of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1140 (1994). We apply the same analysis to the appellants' age discrimination claims under the ADEA and under Iowa Code § 216.6. See Sievers v. Iowa Mut. Ins. Co., 581 N.W.2d 633, 635, 638-39 (Iowa 1998); see also Bialas v. Greyhound Lines, Inc., 59 F.3d 759, 762-63 (8th Cir. 1995).

According to K-Mart, Regel and Devries were terminated as a result of a reduction in force (RIF). In early 1995, K-Mart began experiencing severe financial difficulties, which it addressed by closing more than 200 unprofitable stores and by mandating that each store operate within its own budget. In May 1995, the Charles City store was exceeding its salary budget by about $10,000, an amount greater than any previous budget deficit, and the store was showing operational losses of $44,000. In prior years, budgetary compliance was restored by terminating part-time personnel or by seeking a voluntary reduction of hours by full-time personnel. In addition, the Regional Manager, Anthony Franco, had transferred money to the store to alleviate over-budget problems, but in 1995 K-Mart prohibited this practice.

The Manager of the Charles City store, Peter Spinks, sought Franco's assistance in rectifying the over-budget situation that existed in May 1995. Franco determined that a RIF was necessary and that eliminating two full-time positions would produce the necessary reduction in salary expenditures. Franco first considered eliminating the

two least senior full-time employees, but this would have eliminated a skilled position that was necessary to the operation of the store. Franco, in consultation with the Regional Human Resources Director, decided on a RIF procedure that would eliminate the two least senior full-time employees among all of the non-skilled positions, believing that this would save training costs and less detrimentally impact store functions. Spinks and the store's Human Resources Manager, Yvonne Kisch, applied this RIF procedure and discharged Regel and Devries. According to Franco and Spinks, the ages and identities of the employees were not known until after the RIF procedure was implemented. Franco and Spinks have stated that they focused solely on reducing the store's salary expenditures and not on the RIF's impact on benefit expenses.

This Court reviews a grant of summary judgment de novo, applying the same standards as the district court. See Young v. Warner-Jenkinson Co., 152 F.3d 1018, 1021 (8th Cir. 1998). We will affirm the grant of summary judgment "if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." Id.; see also Fed. R. Civ. P. 56(c).

Because Regel and Devries have presented no direct evidence of age discrimination, we apply the burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Hindman v. Transkrit Corp., 145 F.3d 986, 990-91 (8th Cir. 1998); Bashara v. Black Hills Corp., 26 F.3d 820, 823 (8th Cir. 1994). First, the plaintiff must establish a prima facie case of age discrimination.[2] If the plaintiff makes a prima facie showing, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the discharge. If the defendant meets this

_____

[2]The parties dispute the exact factors comprising the prima facie case, but we assume, without deciding, that Regel and Devries have established a prima facie case for purposes of this appeal.

burden, the plaintiff must prove that the defendant's reason is merely a pretext for unlawful discrimination. It was on this third step of the <u>McDonnell Douglas</u> analysis that the District Court[3] granted summary judgment to K-Mart, finding that Regel and Devries had not produced evidence from which a jury reasonably could find that K-Mart's articulated reason was merely a pretext for discrimination.

Although we are doubtful that Regel and Devries have established a prima facie case of age discrimination, we will assume that they have done so for purposes of this appeal. We, like the District Court, find that K-Mart has provided a legitimate, nondiscriminatory reason for the discharges, the RIF. Regel and Devries therefore can avoid summary judgment only if they present evidence that creates a question of material fact as to whether K-Mart's proffered reason is pretextual and that creates a reasonable inference that age was a determinative factor in K-Mart's decision to discharge them. See <u>Hindman</u>, 145 F.3d at 991.

The appellants challenge K-Mart's stated reason for their discharges by arguing that there was no need for a RIF. Regel and Devries argue that K-Mart knew its employment would increase during the approaching busy seasons of fall and winter and after construction was completed on the new and larger K-Mart store in Charles City. They contend that K-Mart's employment needs, and its salary budget, were increasing at the time of their discharges as shown by the twelve part-time employees hired during May, June, July, and August 1995.[4] Regel and Devries assert that they should have

---

[3]The Honorable Edward J. McManus, United States District Judge for the Northern District of Iowa.

[4]According to Kisch, all but one of these part-time employees replaced employees who had resigned, and the money saved by the elimination of the appellants' positions was used to reduce the over-budget situation and not to hire additional part-time employees. The appellants offer no evidence to refute this.

been given an opportunity to modify their work schedules or reduce their hours rather than being discharged if K-Mart truly wanted to save training costs.

Regel and Devries do not dispute that K-Mart as a whole was facing financial difficulties in 1995. K-Mart required the Charles City store to reduce its budget deficit, and management made a business decision to reduce the store's work force. K-Mart used only objective criteria based on the store's needs and not on individual assessments of employees. The appellants' arguments are nothing more than an attack on K-Mart's business decision to implement a RIF. A company's exercise of its business judgment "is not a proper subject for judicial oversight." Bashara, 26 F.3d at 825. "[T]he employment-discrimination laws have not vested in the federal courts the authority to sit as super-personnel departments reviewing the wisdom or fairness of the business judgment made by employers, except to the extent that those judgments involve intentional discrimination." Herrero v. St. Louis Univ. Hosp., 109 F.3d 481, 485 (8th Cir. 1997) (quoting Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 781 (8th Cir. 1995)). Though Regal and Devries challenge the financial need for a RIF, when a company exercises its business judgment in deciding to reduce its work force, "it need not provide evidence of financial distress to make it a 'legitimate' RIF." Hardin v. Hussmann Corp., 45 F.3d 262, 265 (8th Cir. 1995).

The appellants' argument that the District Court failed to acknowledge their evidence allegedly showing that Spinks and Kisch had exhibited age bias is meritless, because neither Spinks nor Kisch was the decision-maker in this case. Franco decided to institute a RIF and chose the method used, and the appellants have not offered any evidence of age bias on the part of Franco. The appellants also argue that the District Court failed to consider their contention that K-Mart did not follow its work-force-reduction guidelines, which requires management first to examine part-time staffing and then to ask full-time employees voluntarily to reduce their hours. The record, however, shows that K-Mart did not ignore its guidelines. The store's management determined that no additional part-time employees could be eliminated without harming store

operations, and rejected a voluntary reduction of hours because of the large over-budget amount and because of past negative experiences (as well as limited financial success) with such a procedure. No inference of age discrimination reasonably can be drawn from these facts.

Regel and Devries point out that the average age of the new part-time employees hired by K-Mart during 1995 was about thirty. They argue that K-Mart's goal was to eliminate older, full-time employees and that the RIF achieved that result. This argument fails, however, because they have not shown a connection between their discharges and age discrimination. We have examined the decision-making process and find no evidence that age played a role in Franco's decision to institute a RIF or in the method chosen to implement the RIF. Having reviewed the record and considered the appellants' arguments, we find no basis for reversing the District Court's grant of summary judgment to K-Mart on the age discrimination claims.

Regel and Devries also claim that K-Mart discharged them in order to purposefully interfere with their employment benefits. ERISA provides that "[i]t shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140. The same burden-shifting analysis we applied to the appellants' ADEA claims also applies to their ERISA claims. See Jefferson v. Vickers, Inc., 102 F.3d 960, 964 (8th Cir. 1996); Rath v. Selection Research, Inc. 978 F.2d 1087, 1089 (8th Cir. 1992).

Assuming that Regel and Devries have established a prima facie case of discrimination in violation of 29 U.S.C. § 1140, we agree with the District Court that K-Mart has articulated a legitimate, nondiscriminatory reason for discharging the appellants, the RIF. To overcome K-Mart's nondiscriminatory reason for their discharges, Regel and Devries must prove that K-Mart's proffered reason is pretextual

by presenting evidence that K-Mart acted with specific intent to interfere with their rights. See Jefferson, 102 F.2d at 964. "This specific intent can be shown with circumstantial evidence, but must be more specific than mere conjecture." Id.

Regel and Devries again argue that this was not, in reality, a RIF. According to Regel and Devries, K-Mart wanted to reduce benefit expenses by replacing older, full-time employees with younger, part-time employees who were entitled to fewer benefits. They assert that given the overall increase in employment and the inefficiencies of hiring inexperienced part-time workers, the only category in which the Charles City K-Mart store actually would have saved money by terminating their employment was in the category of employee benefits. They therefore argue that K-Mart terminated them to avoid paying ERISA-protected benefits.

The appellants have failed to produce evidence showing that K-Mart intentionally interfered with their ERISA rights. Their arguments are speculative and are merely another attack on K-Mart's business judgment. Franco, the decision-maker in this case, has stated that he looked only at the salary budget in deciding to institute a RIF and not at the separate benefits budget. Regel and Devries have not produced any evidence that interference with their ERISA-protected benefits was a motivating factor in their discharges and thus have not shown the requisite specific intent. This case is similar to Morris v. Winnebago Industries, Inc., in which the district court found that the employer terminated the plaintiff in order to rectify its current budget problems, and concluded that it was the employee's salary, not his benefits, that was considered in deciding to terminate the employee. See 950 F. Supp. 918, 926 (N.D. Iowa 1996); see also Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 239 (4th Cir. 1991) ("[Plaintiff's] suggestion that [the employer] acted illegally because it acted to save money proves too much. Under that reasoning, any actions by an employer that result in savings would be suspect. It is obvious that benefit costs make up a large amount of the costs of an employee to a company, . . . but [this] undeniable proposition[] [is] not sufficient standing alone to prove the requisite intent by the path of pretext.").

Based on our review of the record, we conclude that any interference with Devries and Regel's ERISA benefits "was merely 'incidental' to an adverse employment action motivated by a need to cut costs." Morris, 950 F. Supp. at 927. The District Court correctly granted summary judgment to K-Mart on appellants' ERISA claims.

The judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.