# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-3444

———————

James D. Girten; Carol S. Girten,     *

     *

    Plaintiffs-Appellants,    *

     *  Appeal from the United States

    v.     *  District Court for the Western

     *  District of Missouri.

McRentals, Inc., a Missouri    *

Corporation; Larry McDonald;    *

Richard J. Whalen,    *

     *

    Defendants-Appellees.    *

———————

Submitted: March 14, 2003

Filed: July 25, 2003

———————

Before BOWMAN, RILEY, and MELLOY, Circuit Judges.

———————

MELLOY, Circuit Judge.

James and Carol Girten appeal the district court's[1] grant of summary judgment for the defendants, which dismissed the plaintiffs' claims under the Age

———————

[1]By consent of the parties, the dispute was referred for final disposition to the Honorable John T. Maughmer, Chief United States Magistrate Judge for the Western District of Missouri. 28 U.S.C. § 636(c).

Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34 and the Missouri Human Rights Act , MO. EV. STAT. §§ 213.010-137.  For all practical purposes the plaintiffs' claims under the ADEA and the Missouri Human Rights Act are identical. We affirm.

I.

James and Carol Girten were the manager and assistant manager at the defendants' rent-to-own store for more than ten years.  During this period they received no indications that their performance was unsatisfactory.

One of James Girten's duties was to record the number of hours employees worked and submit this information to the central accounting office.  In February of 2000, Richard Whalen, then McRentals' chief operating officer, received a complaint that Mr. Girten had under reported the hours of an employee.  While looking into the complaint, Mr. Whalen spoke to two additional employees who claimed that Mr. Girten had also under reported their hours.  At least one employee reported that he had previously spoken with Mr. Girten and was unable to resolve the problem.

On February 25, 2000, Mr. Whalen confronted Mr. Girten with these concerns. Mr. Girten denied that he had ignored any such problems and wanted to know which employees had made complaints.   Mr. Whalen refused to provide the information, and Mr. Girten was forced to resign.  Although there is some evidence that Mrs. Girten then resigned voluntarily, we will assume that she was also forced to resign. At the time of their termination, James Girten was sixty-two and Carol Girten was sixty-one.

Mr. Whalen replaced the Girtens with Joe Wasson as manager and Angela Gindlesberger as assistant manager.  Mr. Wasson was fifty-three, and, according to Mr. Whalen, Ms. Gindlesberger was in her "late 20's to early 30's."  Mr. Wasson quit

2

after two days on the job. In a resignation letter to McRentals, Mr. Wasson expressed that, after taking part in a repossession, he was unable to fulfill the responsibilities of a manager. Ms. Gindlesberger later replaced Mr. Wasson.

## II.

The standard of review for a district court's grant of summary judgment is de novo. Dammen v. Unimed Med. Ctr, 236 F.3d 978, 980 (8th Cir. 2001). To withstand a motion for summary judgment under the ADEA the plaintiffs must establish a prima facie case by proving they were: (1) "member[s] of the protected age class," (2) "performing adequately" in their jobs, (3) fired, and (4) "replaced by a younger person after dismissal." Keathley v. Ameritech Corp., 187 F.3d 915, 919 (8th Cir. 1999). There is no dispute that the Girtens were members of a protected class or performing inadequately in their jobs–with the exception of the specific events which allegedly prompted their dismissal. Although Mr. & Mrs. Girten technically resigned, there is no question that the company would have fired both of them if they had not done so.

Although Mr. Girten's initial replacement, Joe Wasson, was nine years younger, this age difference may not be significant enough to demonstrate age discrimination. See O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 313 (1996) ("In the age-discrimination context, such an inference [that an employment decision was based on an illegal criterion] cannot be drawn from the replacement of one worker with another worker insignificantly younger."). We assume, however, that a prima facie case has been established as we consider the defendant's summary judgment motion.

III.

Once the plaintiff has established a prima facie case, the burden shifts to the defendant "to 'produc[e] evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason.'" Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 142 (2000) (citing Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254 (1981)). "This burden is one of production, not persuasion; it 'can involve no credibility assessment.'" Reeves, 530 U.S. at 133 (citing St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 509 (1993)). McRentals presented evidence that Mr. Girtens' termination was based on the company's belief that Mr. Girten (1) under reported employees' hours, (2) ignored employees' complaints about the matter, and (3) lied about the existence of the complaints when confronted by Mr. Whalen. These reasons for the firing were outlined in a letter later given to Mr. Girten.

Because McRentals presented a nondiscriminatory explanation for its decision, the Girtens must "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Burdine, 450 U.S. at 253. The possibility of pretext was established by evidence indicating that Mr. Girten had in fact responded to the employees' complaints. The Girtens also contend that McRentals' hiring of Mr. Wasson to replace Mr. Girten must be a sham because Mr. Wasson quit after two days and was replaced by the significantly younger Ms. Gindlesberger.

IV.

Establishing a prima facie case in addition to presenting evidence of pretext can be, but is not necessarily, sufficient to withstand a motion for summary judgment. The court in Reeves addressed this issue and concluded:

4

Whether judgment as a matter of law is appropriate in any particular case will depend on a number of factors. Those include the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law.

Reeves, 530 U.S. at 148-49.

In this case, the plaintiff's prima facie case is not particularly strong. The nine-year age difference between Mr. Girten and his replacement may not be sufficient to infer age discrimination. Cf. Schlitz v. Burlington N. R.R., 115 F.3d 1407, 1412-13 (8th Cir. 1997) (holding that a five-year age disparity is insufficient to infer discrimination) with Keathley v. Ameritech Corp., 187 F.3d 915 (8th Cir. 1999) (holding that a fourteen-year age difference is sufficient to infer age discrimination). Any inference of age discrimination in this case is assured only if one assumes that the hiring of Mr. Wasson to replace Mr. Girten was pretextual and that the defendants always intended for Ms. Gindlesberger to assume the job. Because this theory is supported more by contentions and speculation than evidence, it is insufficient to withstand summary judgment. Mayer v. Nextel West Corp., 318 F.3d 803, 809 (8th Cir. 2003). A careful review of the record indicates that Mr. Wasson's departure was unexpected and that Ms. Gindlesberger did not replace him until more than a month later.

We next consider the probative value of the plaintiffs' evidence regarding pretext. Although the Girtens offer evidence to show their success as store managers and their termination may have been a poor business decision, "[t]he employment discrimination laws have not vested in the federal courts the authority to sit as super-personnel departments reviewing the wisdom or the fairness of the business judgments made by employers, except to the extent that those judgments involve intentional discrimination." Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 781 (8th Cir. 1995).

5

While there is evidence suggesting that Mr. Girten did not ignore employees' complaints, there is little, if any, evidence to show that Mr. Whalen did not believe Mr. Girten was ignoring complaints. The only evidence suggesting that age was the real reason for the terminations is a remark, allegedly overheard by an employee shortly after the Girtens were fired. This employee claims that when Mr. Whalen was meeting with two managers from other company stores, one of those managers said, "I think they're too old." The defendants argue that the plaintiffs cannot prove this statement was made or that it refers to the Girtens, but we must interpret the evidence in the light most favorable to the party contesting the summary judgment. Mathes v. Furniture Brands Int'l, Inc., 266 F.3d 884, 885 (8th Cir. 2001).

"Although . . . stray remarks, standing alone, may not give rise to an inference of discrimination, such remarks are not irrelevant." Fisher v. Pharmacia & Upjohn, 225 F.3d 915, 922 (8th Cir. 2000). In Fisher, stray remarks–in conjunction with a prima facie case and evidence of pretext–were sufficient to give rise to an inference of age discrimination. However, those remarks are distinguishable from the remarks in this case. First, the Fisher remarks were repeated over a period of time whereas in this case the remark was isolated. Second, the Fisher remarks, such as "[w]e need to get rid of the old guys," were far more indicative of motive. Id. Third, and perhaps most importantly, the Fisher remarks were made by several people including individuals with a say in the decision to fire the plaintiff. In this case, while it is unclear who made the remark, it is clear that it was not made by Mr. Whalen–the person who made the decision to fire the Girtens. In Ghane v. West, we held that even if an ambiguous reference to an employee's national origin "was used in a derogatory manner . . . [it] is insufficient as a matter of law to support a reasonable inference . . . [of] pretexts for unlawful discrimination because there [was] no evidence that the remark was either made by a decision maker or made in connection with the decisional process." 148 F.3d 979, 982 (8th Cir. 1998).

Because the plaintiffs have not made a strong prima facie case and the evidence of pretext is virtually non-existent, no reasonable trier of fact could conclude that the

6

defendant discriminated on the basis of age. We affirm the district court's grant of summary judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT