Gale MOORE, Plaintiff,

v.

HERTZ EQUIPMENT RENTAL
CORPORATION,
Defendant.

No. 8:02CV431.

United States District Court,
D. Nebraska.

Dec. 18, 2003.

Ashlee J. Mann, Constangy, Brooks Law Firm, Atlanta, GA, Robert F. Rossiter, Jr., Fraser, Stryker Law Firm, Omaha, NE, Frank B. Shuster, Constangy, Brooks Law Firm, Atlanta, GA, for Hertz Equip. Rental Corp.

Joy A. Shiffermiller, Polsky, Shiffermiller Law Firm, Lincoln, NE, for Gale L. Moore.

## MEMORANDUM AND ORDER

BATAILLON, District Judge.

### I. Introduction

Before the court is defendant Hertz Equipment Rental Corporation's (Hertz) motion for summary judgment, Filing No. 26. Hertz supports its motion with an index, Filing No. 27, and a brief, Filing No. 28. Plaintiff Gale Moore (Moore) responded to Hertz's motion with an index of evidence, Filing No. 30, and a brief in opposition, Filing No. 31. After a careful review of the briefs of the parties, the indices of evidence, and the applicable law, the court concludes that defendant's motion for summary judgment should be granted.

### II. Background

Beginning July 30, 1999, Hertz employed Moore as a rental supervisor. His employment with Hertz began when Hertz acquired Quality Equipment. Moore had been employed with Quality Equipment for several years prior to the acquisition and maintained the same or a similar position after Hertz took over. On September 27, 2001, Tracy Luedke, Hertz's employee relations manager for the Midwest region, and John Piffner, manager of the Lincoln store, decided to eliminate Moore's position and terminate his employment. Moore, who was sixty-one at the time, alleges the decision to terminate his employment was based on his age. Moore claims age discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 et seq.

Hertz contends that Moore's termination was one of multiple terminations in their Midwest region. Hertz claims the Midwest Region was experiencing significant business downturns and the terminations were necessary to address the company's economic concerns. According to Hertz,

the determination to eliminate Moore's position was based on conclusions that Moore's duties could be easily assumed without negative impact on their business operations.

### III. Standard

Pursuant to the Federal Rules of Civil Procedure, summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *See* Fed.R.Civ.P. 56(c); *McAllister v. Transamerica Occidental Life Ins. Co.,* 325 F.3d 997, 999 (8th Cir. 2003). When making this determination, the court's function is not to make credibility determinations and weigh evidence, or to attempt to determine the truth of the matter; instead, the court must "determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Johnson v. Crooks,* 326 F.3d 995 1007–08 (8th Cir. 2003).

The court must "look to the substantive law to determine whether an element is essential to a case, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir.1998) (quoting *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505). Summary judgment is proper when the plaintiff fails to demonstrate the existence of a factual dispute with regard to each essential element of his claim. *Bialas v. Greyhound Lines, Inc.,* 59 F.3d 759, 762 (8th Cir.1995). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and [the rule] should be interpreted in a way that allows it to accomplish this purpose." *Celotex*

*Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Additionally, Rule 56(e) provides that:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

*See* Fed.R.Civ.P. 56(e). A party seeking summary judgment bears the responsibility of informing the court "of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Tenbarge v. Ames Taping Tool Sys., Inc.,* 128 F.3d 656, 657 (8th Cir.1997) (quoting *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548 (noting that the movant must show "there is an absence of evidence to support the nonmoving party's case.")). In the face of a properly supported motion, "[t]he burden then shifts to the nonmoving party to 'set forth specific facts showing that there is a genuine issue for trial.'" *Prudential Ins. Co. v. Hinkel,* 121 F.3d 364, 366 (8th Cir.1997) (quoting Fed.R.Civ.P. 56(e)). A nonmoving party may not rest upon the mere allegations or denials of its pleadings but, rather, must show specific facts, supported by affidavits or other proper evidence, showing that there is a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *Liberty Mut. Ins. Co. v. FAG Bearings Corp.,* 153 F.3d 919, 922 (8th Cir.1998). Accordingly, the nonmoving party must "set forth in its opposing brief a separate statement of each material

fact as to which it is contended there exists a genuine issue to be tried and as to each shall identify the specific document or discovery response or deposition testimony (by page and line) which it is claimed establishes the issue." *See* NELR 56.1(b).

Summary judgment motions must be carefully used in an employment discrimination case, and the court should not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *Smith v. St. Louis Univ.*, 109 F.3d 1261, 1264 (8th Cir. 1997). However, summary judgment is appropriate when there is no factual dispute on an essential element of a claim. *Id.* at 1267–68.

## IV. Discussion

Moore alleges violation of the ADEA. The ADEA prohibits discrimination on account of age against anyone in the protected age group. 29 U.S.C. §§ 623(a)(1), 631(a). Moore's claim relies on indirect or circumstantial evidence. Without direct evidence, ADEA claims are analyzed under the burden-shifting framework of *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Trammel v. Simmons First Bank of Searcy*, 345 F.3d 611, 613–14 (8th Cir.2003) (*citing Mayer v. Nextel West Corp.*, 318 F.3d 803, 806–07 (8th Cir.2003); *Dammen v. UniMed Medical Center*, 236 F.3d 978, 980 (8th Cir.2001) (citations omitted)). Under this framework, Moore must first proffer a prima facie case of age discrimination; then the burden shifts to Hertz to offer a legitimate nondiscriminatory reason for the adverse employment action; and the burden then shifts back to Moore to show that Hertz's proffered reasons are pretextual. *Id. See also Allen v. City of Pocahontas, Ark.*, 340 F.3d 551,

557 (8th Cir.2003). The burden of persuasion remains with the plaintiff throughout. *Yates v. Rexton, Inc.*, 267 F.3d 793, 799 (8th Cir.2001).

### A. Prima Facie Case

To withstand a motion for summary judgment, the plaintiff must first establish a prima facie case. *Girten v. McRentals, Inc.*, 337 F.3d 979, 981 (8th Cir.2003). Since Moore's termination was the result of a reduction in force, the requirements of the prima facie case are somewhat different than in *McDonnell Douglas. Yates*, 267 F.3d at 799. To establish a prima facie case, Moore must show: (1) he is age forty or older; (2) he met the applicable job qualifications; (3) he was discharged; and (4) age was the factor in Hertz's decision to terminate him. *Id. See also Taylor v. QHG of Springdale, Inc.*, 218 F.3d 898, 899–900 (8th Cir.2000). The first and third elements are clearly met. The second element is not disputed and the court will assume that Moore met the job qualifications. Ordinarily, replacement by a younger worker is sufficient to establish the fourth element. *Yates*, 267 F.3d at 799. However, in an action involving a reduction in force, the claimant must provide additional evidence that age played a role in his termination. *Id.*

Moore claims as additional evidence: (1) Hertz eliminated Moore's position in Omaha, although Hertz retained rental supervisors in their Lincoln and Kansas City branches;[1] (2) when determining which position to eliminate, management compared Moore to William Scholting and Leon Brown, two sales coordinators, who were both in their twenties; (3) Moore had more experience and/or seniority with the company than Scholting and Brown; how-

---

**1.** The court notes that one of the two rental supervisor positions maintained in Lincoln and Kansas City was eliminated prior to the institution of this action and the position not replaced. *See* Filing No. 30 at 2 (answer to interrogatory 1).

ever, Hertz retained Sholting and Brown; (4) Moore was qualified for other positions in Lincoln or Omaha but Hertz did not offer these positions to him; and (5) after Hertz terminated Moore, a customer was allegedly told "the old guy is not here anymore." Although Moore contends these facts are additional evidence of age discrimination, upon review of the record, these claims are not supported by any evidence.

■ Moore first argues that his position was eliminated while rental supervisors were kept in Lincoln and in Kansas City. First, for the record, and as discussed later in this opinion, I note that these rental supervisor positions were not the same as the position held by Moore. Further, Moore fails to acknowledge that Hertz eliminated nineteen positions in its Midwest region as a result of its economic difficulties.[2] These positions included numerous types of job descriptions and employees of different age groups. The average age of the employees terminated during this reduction was approximately 37 years old. The ages of the four employees terminated in Omaha were 61 (Moore), 59, 27, and 22. Further, the court notes that Hertz also decided to eliminate one of its three sales coordinator positions in Omaha. Hertz terminated a 27–year–old sales coordinator. Upon consideration of the age and positions of employees who Hertz terminated, the court is unable to find any proffered evidence showing the decisions might have been based on age, which relates to the discharge of Moore and the retention of the positions in Kansas City and Lincoln.

Second, Moore claims that Hertz retained Sholting and Brown because they were younger, and that Hertz compared him to Sholting and Brown. Hertz claims that it never compared Moore to Sholting and Brown. Hertz claims that a comparison never occurred due to fact that Moore worked in a different position, rental supervisor, than Sholting and Brown, sales coordinators. The record clearly establishes that Hertz employed Sholting and Brown as sales coordinators, a different position with different responsibilities than Moore's. Moore offers no evidence in this regard, and instead, Moore relies on his own assertion that he is more qualified than Sholting and Brown. Without any evidence to support that Hertz actually made a comparison between Moore and Sholting and Brown, the court is unable to draw the inference that such a comparison occurred.

With regard to the allegation that Moore deserved to remain because of his seniority, the unopposed evidence is that Hertz does not consider seniority when making job determinations unless all other factors are equal. See Filing No. 27, Ex. 5, ¶¶ 7 & 8. There is no evidence to establish that age was a factor in the decision to discharge Moore as it applies to the seniority claim.

Moore also claims that he was qualified for other positions in the company. In his deposition Moore stated that he had only worked only as a rental supervisor for Hertz; his manager, John Piffner, tried to find other positions for him; he did not know of any positions available at the time

---

**2.** Moore concedes that a factor in his termination was Hertz's economic situation. Furthermore, the court is not authorized to determine the legitimacy of Hertz's decision to implement a reduction in force. *See Yates,* 267 F.3d at 799 (ADEA does not authorize a court to judge the wisdom of a company's business decisions); *Regel v. K–Mart Corp.,* 190 F.3d 876, 880 (8th Cir.1999) (when a company exercises its business judgment to reduce its work force, it need not provide evidence of financial distress to make it a legitimate reduction in force); *Evers v. Alliant Techsystems, Inc.* 241 F.3d 948, 956 (8th Cir. 2001) (same).

of his termination; and he did not apply for a position that became available after his termination. Despite Moore's alleged qualifications, Hertz is not required to place him in a different position. *Jameson v. Arrow Co.*, 75 F.3d 1528, 1532 (11th Cir.1996) (employer involved in a reduction in force has no duty to transfer laid-off employees); *Ridenour v. Lawson Co.*, 791 F.2d 52, 57 (6th Cir.1986) (employer has no duty to transfer when it reduces its work force for economic reasons); *Taylor v. Canteen Corp.*, 69 F.3d 773, 780 (7th Cir. 1995) (same); *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1422 (9th Cir.1990) (same). Furthermore, this claim of failure to transfer does not suggest the decision to terminate Moore was based on his age, and his testimony in his deposition does not support any claim of age discrimination in this regard.

Lastly, Moore does not provide any substantiation for the alleged "old man" statement. Although Moore claimed in his deposition that someone made the statement, he has not provided the court with testimony about the person who said it, evidence of when it was said, nor the context in which it was stated. Even if I assume that someone made the statement, without any other evidence the statement itself does not give rise to an inference that Hertz terminated Moore because of his age. *See Evers v. Alliant Techsystems, Inc.*, 241 F.3d 948, 959 (8th Cir.2001) (stray remarks do not give rise to an inference of discrimination); *Fisher v. Pharmacia & Upjohn*, 225 F.3d 915, 922 (8th Cir.2000) (same).

Moore's offered evidence appears to have little, if anything, to do with Hertz's decision to eliminate his position. Furthermore, the court is unable to draw an inference from the evidence that Moore's age was a factor in the decision. Typically, the additional evidence requirement is not a significant hurdle for an employment discrimination plaintiff. *Yates*, 267 F.3d at

799. However, the circumstances must be such that a fact-finder may reasonably infer intentional discrimination. *Hutson v. McDonnell Douglas Corp.*, 63 F.3d 771, 779 (8th Cir.1995). Without anything more to substantiate Moore's assertion, the court is unable to make this inference. Accordingly, the court finds Moore has failed to establish a prima facie case.

### B. Pretext

Even if the court assumes, for the sake of this motion, Moore has established a prima facie case, Moore has failed to establish the pretextual nature of Hertz's offered reasons. Assuming the prima facie case is established, the burden shifts to Hertz to provide legitimate nondiscriminatory reasons for its employment decision. *Yates*, 267 F.3d at 799; *Dammen*, 236 F.3d at 980.

Hertz claims Moore's position was terminated due to a regional reduction in force stemming from the company's economic problems. However, even within the context of a legitimate reduction in force, Hertz is still required to show age was not a factor in its determination. *Yates*, 267 F.3d at 799. Hertz claims it terminated Moore's position due to Piffner and Luedke's determination that Moore's duties could be easily assumed by Piffner without a negative impact on the company's business. The court finds this to be a legitimate reason. It is reasonable for a company, involved in a reduction in force, to eliminate positions which are easily assumed by existing employees in order to improve efficiency. The record clearly establishes that Hertz was experiencing economic problems and was involved in a legitimate reduction in force to address these problems. If a company is forced to lay off workers and eliminate positions, it is only appropriate to eliminate those positions that have the least effect on the

business. Hertz has carried its burden to articulate a legitimate, nondiscriminatory reason for Moore's discharge. *Dammen,* 236 F.3d at 980.

Once Hertz has met its burden of production, Moore is required to offer proof that the proffered reason is not the true reason for his termination. *Yates,* 267 F.3d at 799; *Evers,* 241 F.3d at 959. Moore offers two arguments in support of his belief that the actions of Hertz were pretextual in nature. First, Moore appears to argue that his employee evaluation is evidence of pretext for his termination. Moore claims he was given this evaluation one month before his termination, and he received low scores because of his age.

Hertz claims this evaluation was not used in making the determination on which jobs to eliminate, and the evaluation had no bearing on the reason as a pretext to terminate Moore. Moore argues that Hertz gave Sholting and Brown higher evaluations which were used in comparison to his, as a basis to terminate him. Moore does not provide evidence, other than his own determination, that he was a better employee or more qualified than Sholting or Brown or that these evaluations were used in the manner described by him. *See Walton v. McDonnell Douglas Corp.,* 167 F.3d 423, 428 (8th Cir.1999) (claimant must present affirmative evidence, not simply contend that a jury might disbelieve other evidence). The court cannot make a determination about these claims based on Moore's perceptions alone. Consequently, I find that the argument of pretext in this regard to be without merit. There is no evidence that these evaluations were used in determining who to discharge, and more importantly, there is no evidence that such evaluations were the product of discrimination on the basis of age.

Second, Moore argues that he had more seniority than either Sholting or Brown.

As I have previously held, the fact that he had more seniority is also inconclusive. Even if Moore had been in the same position as Sholting and Brown, the uncontroverted evidence shows that Hertz does not use seniority as a factor in employment decisions, unless all other factors are equal. And again, Sholting and Brown held different positions at Hertz than the position held by Moore.

### C. Conclusion

Whether summary judgment is appropriate will depend on a number of factors. *Girten,* 337 F.3d at 982. These factors include "the strength the plaintiff's prima facie case, the probative value of the proof the employer's explanation is false, and any other evidence that supports the employer's case." *Id. Dammen,* 236 F.3d at 981. Plaintiff's prima facie case is built on pure speculation and peripheral facts which do not support an inference of discrimination. Moore does not address Hertz's proffered reasons for his termination, but assumes Hertz relied on evaluations that he claims were biased against him. These claims have little probative value and also appear to be speculative. Plaintiff's claims that he was compared to Sholting and Brown and that they were kept because they are younger is similarly unsupported. The court finds that the plaintiff has not established a prima facie case, and he has failed to address or demonstrate the pretextual nature of Hertz's rationale for his termination. The court concludes that a rational fact-finder could not find that Moore's termination was discriminatory. *See id.* Accordingly, the court finds that summary judgment is appropriate, and Hertz's motion is granted.

IT IS THEREFORE ORDERED:

1. The defendant's motion for summary judgment, Filing No. 26, is granted.

2. A separate judgment shall be entered in this case.