Judith E. BLANK, Plaintiff,

v.

INSUL–8 CORP., Defendant.

No. 8:03CV381.

United States District Court,
D. Nebraska.

Oct. 19, 2004.

W. Craig Howell, Howell, Wilson Law Firm, Omaha, NE, for Plaintiff.

Carla H. Risko, Fitzgerald, Schorr Law Firm, Omaha, NE, for Defendant.

## MEMORANDUM AND ORDER

BATAILLON, District Judge.

This matter is before the court on defendant's motion for summary judgment, Filing No. 17, pursuant to Fed.R.Civ.P. 56. The plaintiff filed this action alleging that defendant discriminated against her in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* I have carefully reviewed the record, the briefs in support of and in opposition to the motion, and the relevant case law. I conclude that defendant's motion should be granted.

*Standard of Review*

Pursuant to the Federal Rules of Civil Procedure, summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *See* Fed.R.Civ.P. 56(c); *McAllister v. Transamerica Occidental Life Ins. Co.,* 325 F.3d 997, 999 (8th Cir. 2003). When making this determination, the court's function is not to make credibil-

ity determinations and weigh evidence, or to attempt to determine the truth of the matter; instead, the court must "determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Johnson v. Crooks,* 326 F.3d 995, 1007–08 (8th Cir. 2003).

The court must "look to the substantive law to determine whether an element is essential to a case, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' " *Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir.1997) (quoting *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505). Summary judgment is proper when the plaintiff fails to demonstrate the existence of a factual dispute with regard to each essential element of her claim. *Bialas v. Greyhound Lines, Inc.,* 59 F.3d 759, 762 (8th Cir.1995). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and [the rule] should be interpreted in a way that allows it to accomplish this purpose." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Additionally, Rule 56(e) provides that:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

*See* Fed.R.Civ.P. 56(e).

■ A party seeking summary judgment bears the responsibility of informing the court "of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Tenbarge v. Ames Taping Tool Sys., Inc.,* 128 F.3d 656, 657·(8th Cir.1997) (quoting *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548 (noting that the movant must show "there is an absence of evidence to support the nonmoving party's case.")). In the face of a properly supported motion, "[t]he burden then shifts to the nonmoving party to 'set forth specific facts showing that there is a genuine issue for trial.' " *Prudential Ins. Co. v. Hinkel,* 121 F.3d 364, 366 (8th Cir.1997) (quoting Fed.R.Civ.P. 56(e)). A nonmoving party may not rest upon the mere allegations or denials of its pleadings but, rather, must show specific facts, supported by affidavits or other proper evidence, showing that there is a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *Liberty Mut. Ins. Co. v. FAG Bearings Corp.,* 153 F.3d 919, 922 (8th Cir. 1998).

■ Summary judgment motions must be carefully used in an employment discrimination case, and the court should not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *Smith v. St. Louis Univ.,* 109 F.3d 1261, 1264 (8th Cir.1997). However, summary judgment is appropriate when there is no factual dispute on an essential element of a claim. *Id.* at 1267–68.

*Discussion*

■ Plaintiff alleges violation of the ADEA. The ADEA prohibits discrimination on account of age against anyone in the protected age group. 29 U.S.C. §§ 623(a)(1), 631(a). The ADEA states in

part that "[I]t shall be an unlawful employment practice for an employer [to] discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). To establish a claim under the ADEA, the plaintiff must show the defendant intentionally discriminated against her because of her age. *Ziegler v. Beverly Enterprises–Minnesota, Inc.,* 133 F.3d 671, 675 (8th Cir.1998).

■■■ The plaintiff's claim relies on indirect or circumstantial evidence. Without direct evidence, ADEA claims are analyzed under the burden-shifting framework of *McDonnell Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Trammel v. Simmons First Bank of Searcy,* 345 F.3d 611, 613–14 (8th Cir.2003) (*citing Mayer v. Nextel West Corp.,* 318 F.3d 803, 806–07 (8th Cir.2003); *Dammen v. UniMed Medical Center,* 236 F.3d 978, 980 (8th Cir.2001) (citations omitted)). Under this framework, the plaintiff must first proffer a prima facie case of age discrimination, then the burden shifts to the defendant to offer a legitimate nondiscriminatory reason for the adverse employment action, and the burden then shifts back to the plaintiff to show that the defendant's proffered reasons are pretextual. *Id. See also Allen v. City of Pocahontas, Ark.,* 340 F.3d 551, 557 (8th Cir. 2003). The burden of persuasion remains with the plaintiff throughout. *Yates v. Rexton, Inc.,* 267 F.3d 793, 799 (8th Cir. 2001).

■■■ To withstand a motion for summary judgment, the plaintiff must first establish a prima facie case. *Girten v. McRentals, Inc.,* 337 F.3d 979, 981 (8th Cir.2003). To establish a prima facie case, the plaintiff must show: (1) she is age forty or older; (2) she met the applicable job qualifications; (3) she was discharged; and (4) age was the factor in the defen-

dant's decision to terminate her. *Id. See also Taylor v. QHG of Springdale, Inc.,* 218 F.3d 898, 899–900 (8th Cir.2000).

Celebrity Staffing, a temporary employment agency, placed plaintiff, a receptionist, with the defendant in March 1999. On June 26, 1999, following ninety days of temporary employment, defendant offered plaintiff full-time employment which she accepted. Initially, Rod Griffith supervised plaintiff. From June 2000 until September 2002, Rogene Smith supervised plaintiff, and from September 2002 until she was fired in October 2002, Mike Pechar, Director of Marketing, supervised plaintiff.

Plaintiff alleges that defendant subjected her to a discriminatory workplace on the basis of her age. Plaintiff contends that employees called her "grandma," and she felt like people treated her as stupid and as an old lady. Filing No. 18, Tr. at 40. Defendant does not deny that three employees referred to plaintiff as "grandma." However, defendant contends that two of these employees left their employment by 2001 and the other employee is still employed. None of these employees had supervisory or performance review authority over the plaintiff. Plaintiff, during her deposition, testified that she is a grandmother to six grandchildren, has pictures of her grandchildren on her desk, and talks about her grandchildren to other employees. Further, plaintiff complains that at least on one occasion, the CFO for the defendant had plaintiff babysit her children while at the office. Plaintiff complained to a co-worker that this was not part of her job. She did not complain to anyone else. She also alleges that it is her perception that Mike Pechar stated that he wanted the office young when he fired her.

Defendant contends that age played no part in plaintiff's discharge. First, defendant argues that it counseled plaintiff nu-

merous times about work-related issues, primarily, filing issues, attachment of purchase orders and invoices, and professionalism, particularly in 2001. Those issues still existed, however, in 2002, argues defendant. In September 2002, defendant transferred plaintiff to the supervision of Mike Pechar. Mr. Pechar held a meeting with plaintiff on October 14, 2002, and gave her two weeks to review her files and correct all of the filing errors. Defendants allege that following this meeting plaintiff confronted co-workers about these issues, in spite of the fact that she was told not to do so, and as a result, defendants fired her on October 16, 2002. Second, defendant argues that the facts show it does not discriminate on the basis of age. Following the termination of plaintiff, defendant hired two consecutive employees to fill plaintiff's position, who were 54 and 52 years of age. During the year that defendant discharged plaintiff, fifty-five percent of defendant's employees were over age 40, six employees were terminated, and of that six, three were over 40 and three were under 40. Of the total employees working for defendant in 2002, 95 were working in Omaha. Of that 95, fifty percent were older that 40 years of age. Six of the Omaha employees were terminated in 2002. Of the six, five were under the age of 40.

■ I find that plaintiff is a member of a protected class. I also find that plaintiff suffered an adverse employment action. I further find that defendant replaced plaintiff with employees who were in the protected age category. I find a factual dispute exists as to whether plaintiff performed her job well and was qualified for the position. The performance reviews are mixed, containing both positive and negative comments regarding plaintiff's filing and ability to get along with co-workers. However, I find minimal, if any, evidence exists that age was a factor in the decision to discharge plaintiff. At most,

three people, two of whom left defendant's employment during the first year of plaintiff's employment, referred to her as grandma. While it appears she was asked to watch the CFO's children at work, there is no evidence that these two incidents resulted from age discrimination. In fact, the only evidence offered by plaintiff in her index of evidence, Filing No. 22, is a copy of the complaint and answer. Consequently, I find that plaintiff has not met her burden of establishing a prima facie case.

*Pretext*

Even if the court assumes, for the sake of this motion, that the plaintiff has established a prima facie case, she has failed to establish the pretextual nature of the defendant's offered reasons. Assuming the prima facie case is established, the burden shifts to the defendant to provide legitimate nondiscriminatory reasons for its employment decision. *Yates,* 267 F.3d at 799; *Dammen,* 236 F.3d at 980. The defendant has offered evidence that plaintiff failed to perform her job adequately and violated Peschar's directive that she not discuss the October 14 meeting with any other employees.

■ Once the defendant has met its burden of production, the plaintiff is required to offer proof that the proffered reason is not the true reason for her termination. *Yates,* 267 F.3d at 799; *Evers v. Alliant Techsystems, Inc.,* 241 F.3d 948, 955 (8th Cir.2001). Plaintiff believes that defendant wanted a younger environment. No evidence has been offered to support this perception. Plaintiff's perceptions, without more, are insufficient to meet her burden in this regard. This is particularly true where as in this case defendant replaced the plaintiff for at least two years with employees who were between the ages of 50 and 60 years old. The plaintiff

has offered absolutely no evidence in this regard. I have thoroughly reviewed the record, and I conclude that the plaintiff has failed to meet her burden of showing pretext.

*Conclusion*

■ Whether summary judgment is appropriate will depend on a number of factors. *Girten v. McRentals, Inc.,* 337 F.3d at 982. These factors include "the strength the plaintiff's prima facie case, the probative value of the proof the employer's explanation is false, and any other evidence that supports the employer's case." *Id. Dammen,* 236 F.3d at 981. The plaintiff's prima facie case does not support an inference of discrimination. The court finds that the plaintiff has not established a prima facie case, and she has failed to address or demonstrate the pretextual nature of the defendant's rationale for her termination. The court concludes that a rational fact-finder could not find that the plaintiff's termination was discriminatory. Accordingly, the court finds that summary judgment is appropriate, and the defendant's motion for summary judgment is granted.

IT IS THEREFORE ORDERED:

1. The defendant's motion for summary judgment, Filing No. 17, is granted; and

2. A separate judgment shall be entered in this case.