# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1498

_____

| | | |
|---|---|---|
| Evalee Younts; Angela Rasmussen; | * | |
| Patti Grier; Teresa Johnson; | * | |
| Berniece Spurlock; Elizabeth Fiala; | * | |
| Karen Chapman, | * | |
| | * | |
| Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Fremont County, Iowa; John Whipple, | * | |
| Individually, and in his official | * | |
| capacity as a Member of the Board of | * | |
| Supervisors of Fremont County, Iowa; | * | |
| Keith Hickey, Individually, and in his | * | |
| official capacity as a Member of the | * | |
| Board of Supervisors of Fremont | * | |
| County, Iowa; David Aistrope, | * | |
| Individually, and in his official | * | |
| capacity as a Member of the Board of | * | |
| Supervisors of Fremont County, Iowa, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: February 19, 2004
Filed: June 4, 2004

_____

Before RILEY, HANSEN, and MELLOY, Circuit Judges.

_____

RILEY, Circuit Judge.

Eight female employees of Fremont County, Iowa, sued Fremont County and three members of the Fremont County Board of Supervisors, alleging violations of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e-2000e-17, and the Equal Pay Act of 1963 (EPA), 29 U.S.C. § 206(d). The district court[1] granted summary judgment to the defendants. Seven plaintiffs appeal the adverse judgment. We affirm, in part, but remand two unresolved issues to the district court.

## I. BACKGROUND

This case presents numerous allegations made by eight female employees that Fremont County and three members of its Board of Supervisors discriminated against them based on sex. Although the district court proceedings included a number of different individuals, this appeal involves only four–Evalee Younts (Younts),[2] Angela Rasmussen (Rasmussen), Patti Grier (Grier), and Arnold Emberton (Emberton).[3] This appeal addresses only those discrimination claims relating to pay inequity in violation of the EPA and failure to promote in violation of Title VII.

---

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

[2]Younts died before the defendants filed a motion for summary judgment. Because we separately discuss Younts's appeal, we do not include facts applicable to Younts in this section, nor do we discuss Younts's EPA or failure-to-promote claims.

[3]Although the notice of appeal lists seven appellants, the appellants' brief and oral argument focused on the claims of Younts, Rasmussen and Grier. Concluding the four other named appellants–Teresa Johnson, Berniece Spurlock, Elizabeth Fiala and Karen Chapman–have waived their arguments, we summarily affirm the district court's grant of summary judgment to the defendants on these claims. See, e.g., O'Neal v. Southwest Mo. Bank of Carthage, 118 F.3d 1246, 1249 n.4 (8th Cir. 1997).

Rasmussen began working for the Fremont County Sheriff's Department (Sheriff's Department) in 1991.  In November 1999, Rasmussen was promoted from a civil secretary to an administrative assistant in the Sheriff's Department.  Grier is a secretary in the Fremont County Attorney's Office (County Attorney's Office), where she began her full-time career in 1996.  Emberton began working for the Sheriff's Department in 1987.  In November 1999, Emberton was promoted from his administrative assistant position in the Sheriff's Department to the position of Data Processing Coordinator (DPC) in the Fremont County Auditor's Office (County Auditor's Office).  The DPC position was newly created, had no job description, and Fremont County did not post a notice to compete for the position.  After filling the DPC position, Emberton created his own job description.

Rasmussen's promotion to administrative assistant in the Sheriff's Department came after Emberton left that position to assume the DPC position.  Rasmussen's beginning salary in the administrative assistant position was the same salary Emberton was paid in that position when he accepted the DPC position.  When Emberton was an administrative assistant, he allegedly received a uniform allowance, the use of a cellular telephone, and the use of a county vehicle.  When Rasmussen was promoted to administrative assistant, she was not given these additional benefits.

This appeal focuses on two substantive issues.  First, we consider Rasmussen's claim that Fremont County's promotion of Emberton–instead of her–to the DPC position constituted illegal sex discrimination.  Second, we consider Rasmussen's and Grier's claims that Fremont County violated the EPA by paying them less based on their sex.  Specifically, Rasmussen and Grier argue their positions involve similar work performed under similar working conditions as compared to Emberton's DPC position, but Emberton is unlawfully paid more.

## II.    DISCUSSION

### A.    Standard of Review

We review de novo the district court's grant of summary judgment to the defendants. Mayer v. Nextel West Corp., 318 F.3d 803, 806 (8th Cir. 2003). Summary judgment is proper if the evidence, viewed in the light most favorable to the plaintiffs and giving them the benefit of all reasonable inferences, shows there are no genuine issues of material fact and the defendants are entitled to judgment as a matter of law. See id.; Fed. R. Civ. P. 56(c).

### B.    Younts Not a Proper Party

Before addressing the merits of this appeal, we first address a procedural issue. We are aware Younts, a named appellant, died during the course of the district court proceedings. The parties did not brief whether Younts was a proper party before the district court, whether Younts is a proper party before this court, or whether Younts's attorney can represent her before this court. A brief history is necessary to address the issue presented by Younts's death.

On April 18, 2001, the plaintiffs, including Younts, filed the present lawsuit. On June 25, the plaintiffs filed an amended complaint. On November 19, Younts gave her deposition in this case. Younts died on February 9, 2002. On July 19, the defendants moved for summary judgment, and referenced Younts's death in the statement of undisputed facts. On January 21, 2003, the district court granted summary judgment to the defendants. In its summary judgment opinion, the district court acknowledged Younts's death, but did not discuss whether Younts was still a proper party. On February 20, the plaintiffs' attorney filed a notice of appeal, which included Younts as a named appellant. As far as this panel can tell from the record, neither a suggestion of death nor a motion for substitution for Younts has been filed at any time in any court.

When a party dies before her claim is extinguished, a court may order a substitution of the deceased party with a proper party. Fed. R. Civ. P. 25(a)(1). For a court to order a substitution of a proper party, a motion for substitution must be filed by the proper person. Id. "Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party." Id. Because a motion for substitution has not been filed and a formal suggestion of death has not been filed, the 90-day limitations period of Rule 25(a)(1) may not have begun to run. Id.; see Grandbouche v. Lovell, 913 F.2d 835, 836 (10th Cir. 1990) (per curiam) (holding the 90-day limitation time "is not triggered unless a formal suggestion of death is made on the record, regardless of whether the parties have knowledge of a party's death").

Regardless of the proceedings below, our court has not received a formal suggestion of death or a motion for substitution; thus, we have no authority to substitute a proper party for Younts. See Fed. R. App. P. 43(a). Because the deceased Younts is not a proper party on appeal and no proper party has been substituted for her, we cannot address the merits of the appeal raised on Younts's behalf. We also refuse to address the grant of summary judgment to the defendants on Younts's claims because Younts died before the motion for summary judgment was even filed, which means Younts was not a proper party when summary judgment was entered. We remand Younts's claims to the district court. If a formal suggestion of death and motion for substitution under Rule 25 are not filed promptly with the district court, the district court shall dismiss Younts's claims. We leave the specifics to the district court's discretion.

## C.    Equal Pay Act

The EPA prohibits an employer from paying employees of one sex less than employees of the opposite sex "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar

working conditions." 29 U.S.C. § 206(d)(1).  The plaintiffs have the burden to prove their employer paid them less than male employees for substantially equal work. Lawrence v. CNF Transp., Inc., 340 F.3d 486, 491 (8th Cir. 2003).  Whether employees perform substantially equal work "requires a practical judgment on the basis of all the facts and circumstances of a particular case, including factors such as level of experience, training, education, ability, effort, and responsibility." Id. at 492 (citation omitted).  This analysis does not depend "on job titles or classifications[,] but on the actual requirements and performance of the job." Id. (citation omitted). We are required to "compare the jobs in question in light of the full factual situation and the [EPA's] broad remedial purpose." Id. (citation omitted).  When evaluating the amount of effort required to perform a job, we consider "the physical or mental exertion necessary to the performance of a job," and when evaluating the amount of responsibility a job entails, we consider "the degree of accountability required in performing a job." Berg v. Norand Corp., 169 F.3d 1140, 1146 (8th Cir. 1999) (citation omitted).  We are not particularly interested in a plaintiff's conclusory allegations about which jobs are equal.  See id. (holding conclusory affidavit testimony that two jobs are equal does not establish a prima facie case under the EPA).  Instead, we review the actual requirements and performance of the jobs in question.

### 1.    Rasmussen

In her deposition testimony, Rasmussen did not specifically compare her administrative assistant position to Emberton's DPC position.  When asked "do you even know what [Emberton's] job entailed," Rasmussen replied, "Not everything that it entails, no."  This exchange then took place: "So you can't be sure whether or not [Emberton] was or was not less qualified than you for [the DPC] position?  No.  I believe that I was just as qualified. . . .  From when I'd worked with him before on a daily basis.  Even though you don't know what the job entailed?  Just what he had told me."  Rasmussen then stated she had read the job description for the DPC position, but did "not recall what the description actually is."  Rasmussen apparently

did not even know about Emberton's qualifications for the administrative assistant position. Responding to questions by her own attorney during the deposition, Rasmussen testified she was "generally familiar" with Emberton's qualifications for the administrative assistant position, and she "pretty much" had the same qualifications as Emberton.

The district court recognized "Plaintiffs have not produced evidence of Emberton's actual job duties, the skill, effort and responsibility associated with his job of [DPC], or the working conditions under which Emberton fulfills his job duties." The district court noted instead that the plaintiffs "merely make conclusory allegations about the similarity of the jobs which are not sufficient to create a genuine issue of fact to avoid summary judgment." We agree. The evidence presented is woefully deficient to allow a proper analysis of the skill, effort and responsibility required to perform Emberton's DPC position and Rasmussen's administrative assistant position. Rasmussen's two-paragraph, conclusory discussion of this issue in her brief is equally deficient. Unimpressed by the evidence comparing Emberton's and Rasmussen's jobs or the argument directing us to sufficient evidence to make such a comparison, we conclude the district court correctly concluded Rasmussen's EPA claim fails as a matter of law.

Even though we agree with the district court that summary judgment is proper on Rasmussen's EPA claim relating to the disparity between Emberton's pay in the DPC position and Rasmussen's pay in her administrative assistant position, we must consider another part of Rasmussen's EPA claim. When Emberton took the DPC position, Rasmussen replaced Emberton in the administrative assistant position. Although Rasmussen was paid the same salary as Emberton had been paid in the position, Rasmussen allegedly did not receive all of the benefits Emberton received. Specifically, Rasmussen contends Emberton, while employed as an administrative assistant, received a uniform allowance, use of a cellular telephone, and use of a county vehicle, while Rasmussen was not given these additional benefits. The district

court did not address this claim, and the appellees do not address this claim in their brief on appeal. Because the issue is not ripe for appellate intervention, we also do not address this issue.

If we addressed Rasmussen's argument on this issue on appeal without giving the district court the opportunity to review it, we would essentially be usurping the district court's role on summary judgment, which we have no desire to do. Therefore, we remand to the district court Rasmussen's EPA claim relating to the uniform allowance, use of a cellular telephone, and use of a county vehicle. The district court shall address this issue based on the current record only. We again leave the specifics to the respected discretion of the district court.

### 2.    Grier

As we concluded above, the evidence supporting an EPA claim is woefully deficient because Emberton's duties and performance in the DPC position were never developed in the record. This conclusion applies with equal force to Grier's EPA claim. Grier has similarly failed to produce sufficient evidence comparing her secretary position in the County Attorney's Office to Emberton's DPC position in the County Auditor's Office. When asked about Emberton's job title, Grier responded, "He's–he is a computer person for the courthouse." When asked about Emberton's job duties and responsibilities, Grier said, "I believe it's just taking care of the computers in the courthouse, and I believe he does some work for the auditor's office with his computers. But I'm not–I don't know his–specifically what his job role is, although, I do–I have read his job description." If Grier does not know much about Emberton's job, we certainly do not. Concluding Grier failed to provide sufficient evidence comparing her job to Emberton's job, we affirm the district court's entry of summary judgment to the defendants on Grier's EPA claim.

**D. Failure to Promote**

In addition to her EPA claims, Rasmussen also alleged the defendants' failure to promote her constituted sex discrimination in violation of Title VII. Title VII prohibits an employer from discriminating against an employee with respect to terms, conditions or privileges of employment because of an employee's sex. 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of discrimination in a failure-to-promote case, Rasmussen must show "(1) she is a member of a protected group; (2) she was qualified and applied for a promotion to an available position; (3) she was rejected; and (4) similarly situated employees, not part of the protected group, were promoted instead." Gentry v. Georgia-Pacific Corp., 250 F.3d 646, 650 (8th Cir. 2001).

As we indicated in our discussion of Rasmussen's EPA claim, Rasmussen has not shown she knows much about the DPC position. Without evidence, neither do we. We also note the record is wholly insufficient to compare properly Rasmussen's and Emberton's qualifications and experience. The district court similarly observed Rasmussen has not "demonstrated sufficiently just what the job of [DPC] entailed nor that [she] was qualified to do this job, nor that [she] was as qualified as Emberton." Based on the scant record before us, we conclude Rasmussen has presented insufficient evidence to prove (1) she was qualified for the DPC position; or (2) she was similarly situated to Emberton.

## III. CONCLUSION

For the reasons discussed, we affirm, in part, the district court's entry of summary judgment in favor of the defendants. However, we remand to the district court the claims involving Younts, as she is not a proper party on appeal. We also remand to the district court Rasmussen's EPA claim for further analysis on summary judgment as it relates to the uniform allowance, use of a cellular telephone, and use of a county vehicle, based on the existing record only.

_____