**George Roger LEE Plaintiff**

v.

**RHEEM MANUFACTURING COMPANY Defendant**

**No. 04–CV–2015.**

United States District Court, W.D. Arkansas, Fort Smith Division.

Feb. 23, 2005.

George Roger Lee, Fort Smith, AR, pro se.

Christopher F. Woomer, Gilker & Jones, Mountainburg, AR, Michael R. Jones, for Defendant.

## MEMORANDUM OPINION AND ORDER

DAWSON, District Judge.

Plaintiff brings this action against his former employer contending that Defendant refused to hire him on the basis of his age, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* (Doc. 1). Currently before the Court is Defendant's motion for summary judgment. (Doc. 13). For the reasons reflected below, the motion is GRANTED and Plaintiff's complaint is dismissed with prejudice.

## I. BACKGROUND [1]

Plaintiff served as Defendant's Assistant Personnel Director from 1969–73 when he was promoted to Human Resources Manager (HR Manager).[2] Plaintiff served as HR Manager until he retired on May 31, 1996 due to medical reasons. Tony Johnson, who was Plaintiff's subordinate for nineteen years, succeeded Plaintiff as HR Manager.

As HR Manager, Plaintiff's responsibilities included supervising the personnel in Defendant's human resources and medical departments, formulating and implementing personnel policies and procedures, acting as Defendant's chief spokesman during contract negotiations with Local 7893 of the United Steelworkers of America (Local 7893), representing Defendant in labor arbitrations, and approving all salaried promotions, demotions and merit increases.

In approximately early 1996, Plaintiff was diagnosed with Chronic Fatigue Syn-

---

1. The following facts are not in dispute.

2. The position was entitled Personnel Director at the time but was later renamed.

drome (CFS). Plaintiff's medical condition deteriorated to the point that Plaintiff's physician advised that he was unable to perform his duties as HR Manager. As a result, Plaintiff voluntarily retired on May 31, 1996 and began receiving long-term disability benefits from First UNUM Life Insurance Company. Upon his retirement, Plaintiff opted to receive his pension and profit-sharing accounts in a lump sum.

In October 2002, a Labor Relations Administrator position was vacated in Defendant's HR department. This position was responsible for investigating grievances filed by Local 7893, representing Defendant in meetings with the union regarding grievances, investigating disciplinary incidents involving bargaining unit employees, preparing for labor arbitrations, participating in negotiations for new collective bargaining agreements, and performing other human resource functions as assigned by the HR Manager.

Plaintiff contacted Mr. Johnson to inquire whether he "would have a problem" if Plaintiff applied for the position. Mr. Johnson advised Plaintiff that he would have no such problem. Plaintiff also contacted Defendant's corporate Vice President of Human Resources, William S. Ostan, and Air Conditioning Division President Joe Ray "J.R." Jones and asked whether they had "any objections" to Plaintiff applying for the vacant position. Both men advised Plaintiff that they also had no objections.

In the Fall of 2002, Defendant formed a search committee to fill the Labor Relations Administrator position. The members of the search committee were Fort Smith Plant Manager Tom Wise, Fort Smith Plant HR Manager Tony Johnson, and Air Conditioning Division Vice President of Human Resources Gary Hale. The members of the committee were to interview the applicants and unanimously recommend one candidate to Mr. Ostan. Mr.

Ostan would then interview that candidate and approve or disapprove the committee's recommendation.

Plaintiff was 63 years old at the time he applied for the Labor Relations Administrator position. Donald W. Raines also applied for the position and was ultimately selected. Mr. Raines was 39 years old at the time. A total of twelve applicants applied for the position. In 2001, Defendant began applying what is known as the lean manufacturing business model to its manufacturing and production processes. Plaintiff had no experience handling human resource or labor relations in a manufacturing plant that utilized these principles, whereas Mr. Raines was employed in a manufacturing plant that utilized these principles.

The members of the search committee interviewed Plaintiff on November 18, 2002. Each member inquired about Plaintiff's health and how long Plaintiff expected to work if selected for the position. Plaintiff told Johnson and Hale he would work "several years" and told Wise he wanted to work "a while." Plaintiff told both Wise and Hale that if he were hired as Labor Relations Administrator he did not want to be promoted to HR Manager.

Plaintiff sent follow-up correspondence to Wise and Hale, as well as J.R. Jones stating that he did not intend to seek the HR Manager position. Further, in his letter to Jones, Plaintiff characterized his health and the need to replace the HR Manager as "legitimate concerns." On December 12, 2002, Plaintiff proposed to Hale that he would take the position on a "contract basis" at fifty-percent salary for six months with the condition that Defendant could cancel the contract at any time if it was dissatisfied with Plaintiff's work performance. Plaintiff withdrew this offer some two weeks later.

In January 2003, the search committee unanimously recommended Donald Raines as its choice for the Labor Relations Administrator position. On January 8, 2003, Ostan interviewed Raines and informed the search committee that he approved of the recommendation. Mr. Raines was hired in February 2003 and continues to hold the Labor Relations Administrator position.

In January 2003, Hale contacted Plaintiff to inform him that he had not been selected for the position. On April 8, 2003, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, alleging Defendant discriminated against him on the basis of his age by refusing to hire him.

On April 24, 2003, Cynthia Wright, the Employee Benefits Coordinator at Defendant's corporate office wrote a letter to First UNUM Life Insurance Company (UNUM) advising that Plaintiff had applied for a position and requesting that his case be reviewed to determine whether his eligibility for Long–Term Disability benefits was affected. On October 7, 2003, Plaintiff filed a second Charge of Discrimination alleging retaliation. Plaintiff continued to receive his benefits, and has been assured by representatives of UNUM that it would not attempt any recoupment of benefits paid.

## II. DISCUSSION

Defendant moves for summary judgment, contending that Plaintiff's discrimination claim must fail, as Plaintiff has no evidence, direct or otherwise, from which discriminatory animus could be inferred without speculation. Defendant argues that Plaintiff's retaliation claim likewise fails, as Plaintiff cannot prove he suffered a materially adverse consequence due to Defendant's actions.

In determining whether summary judgment is appropriate, the facts and infer-ences from the facts are viewed in the light most favorable to the non-moving party. The burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R.Civ.P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Nat'l Bank of Commerce of El Dorado, Arkansas v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir.1999). If a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his or her case and on which it will bear the burden of proof at trial, then the defendant is entitled to judgment as a matter of law and all other facts are rendered immaterial. *See Thelma D. By Delores A. v. Bd. of Educ.*, 934 F.2d 929 (8th Cir.1991).

### A. Discrimination Claim

The ADEA prohibits covered employers from discriminating against individuals on the basis of their age. *See* 29 U.S.C. § 623(a)(1). Specifically, it prohibits an employer from failing or refusing "to hire or to discharge any individual with respect to his compensation, terms, conditions, or privileges or employment, because of such individual's age . . . ." *Id.*

To establish a claim of age discrimination, a plaintiff may present direct evidence of such discrimination or he may prove his claim through circumstantial evidence. *See Mayer v. Nextel West Corp.*, 318 F.3d 803 (8th Cir.2003). Where a plaintiff presents direct evidence that age played a motivating part in the defendant's employment decision, the defendant must then convince the trier of fact that, more likely than not, it would have made the same decision absent consideration of the plaintiff's age. *See EEOC v. Liberal R–II Sch. Dist.*, 314 F.3d 920 (8th Cir.2002). Where the plaintiff presents only circum-

stantial evidence of discrimination, the familiar burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), applies.

■ Assuming Plaintiff has presented direct evidence that his age played a motivating part in Defendant's refusal to hire him, it becomes Defendant's burden to convince the Court that, more likely than not, it would have made the same decision absent consideration of Plaintiff's age. The evidence provided by Defendant shows that it felt that Donald Raines was a more qualified candidate than Plaintiff due to the fact that Plaintiff lacked experience working in a plant that utilized the lean manufacturing principles, and Mr. Raines had such experience. (Doc. 14 Ex. 2, pp. 6–7; Ex. 3, pp. 3, 5; Ex. 4, pp. 4–5). Further, Mr. Raines expressed interest in being promoted to HR Manager upon the retirement of Mr. Johnson, whereas, Plaintiff specifically advised Defendant that he did not wish to be promoted to that position. (Doc. 14 Ex. 2, pp. 6–7; Ex. 3, pp. 4–6; Ex. 4, pp. 3–4). As Defendant has provided sufficient evidence that it would have made the same decision to hire Mr. Raines and refuse to hire Plaintiff absent consideration of Plaintiff's age, the Court finds that Plaintiff's age discrimination fails under the direct evidence analysis.

■ Assuming Plaintiff presented only circumstantial evidence of age discrimination, Plaintiff's claim likewise fails under the *McDonnell Douglas* framework which requires the plaintiff to establish a prima facie case of age discrimination, at which point the defendant must come forward with a legitimate nondiscriminatory reason for its conduct. *Mathes v. Furniture Brands Int'l, Inc.*, 266 F.3d 884 (8th Cir.2001). It then becomes the plaintiff's burden to demonstrate that the nondiscriminatory reason offered by the employer was really a pretext for discrimination.

*Id.* At all times, the plaintiff retains the burden of persuading the fact finder that intentional discrimination motivated the adverse employment action. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). An age-discrimination plaintiff can avoid summary judgment only if "the evidence considered in its entirety (1) creates a fact issue as to whether the employer's proffered reasons are pretextual and (2) creates a reasonable inference that age was a determinative factor in the adverse employment decision". *Rothmeier v. Investment Advisers, Inc.*, 85 F.3d 1328 (8th Cir.1996).

■ For purposes of this Motion, the Court assumes that Plaintiff has established the elements of a prima facie case of age discrimination. To satisfy its burden of production, Defendant has offered evidence of a legitimate, nondiscriminatory basis for its hiring decision. As previously stated, Defendant chose to hire Mr. Raines over Plaintiff and the other applicants due, in part, to his experience working with lean manufacturing principles and his desire for advancement within the company.

Because Defendant has satisfied its burden of production in setting forth a legitimate, nondiscriminatory basis for its hiring decision, Plaintiff must then present evidence sufficient to raise a genuine question of material fact as to whether Defendant's reason was pretextual and to create a reasonable inference that age was a determinative factor in the adverse employment decision. *See Keathley v. Ameritech Corp.*, 187 F.3d 915 (8th Cir.1999). In support of his claim that his age was the reason that Defendant refused to hire him, Plaintiff points to assertions by Defendant that Plaintiff was not hired because he was only interested in working for a few years and was not interested in advancement within the company. Defendant contends

that one of the reasons it decided not to hire Plaintiff is that it was interested in someone that could be trained and eventually promoted to HR Manager upon the retirement of Tony Johnson. Plaintiff contends that this reason is pretextual as Defendant did not have a management succession plan for this position. The Court believes that avoiding turnover in management positions is a desirable result for an employer. Furthermore, it was not the only stated reason for Defendant's decision to hire Mr. Raines. Plaintiff does not contest Mr. Raines' experience and even testified that he was "educationally over qualified for the position." (Doc. 14 Ex. 1, p. 208). Further, Plaintiff stated he was not really familiar with Mr. Raines relevant work experience. *Id.*

The Court finds that Plaintiff failed to meet his burden. Defendant offered a legitimate business consideration to justify the use of subjective criteria of which candidate would better meet Defendant's needs. "[I]t is not the role of this court to sit as a super-personnel department to second guess the wisdom of a business' personnel decisions." *Evers v. Alliant Techsys., Inc.*, 241 F.3d 948 (8th Cir.2001). Accordingly, the Court finds that no genuine issues of material fact exist as to Plaintiff's age discrimination claim. Therefore, Defendant's Motion for Summary Judgment is granted as to Plaintiff's age discrimination claim.

### B. Retaliation Claim

We next address Plaintiff's claim that Defendant retaliated against him for filing a Charge of Discrimination by advising his long-term disability carrier that Plaintiff was seeking employment. In order to prevail on a retaliation claim, Plaintiff must show he suffered a material disadvantage as a result of the defendant's alleged retaliatory action. *Trammel v. Simmons First Bank of Searcy*, 345 F.3d 611 (8th Cir.2003). The facts are undis-

puted that Plaintiff continued to receive his disability benefits up until their natural expiration and that Plaintiff was assured by UNUM that no action would be taken to recoup any benefits paid to Plaintiff. Accordingly, Plaintiff's retaliation claim must fail.

### III. CONCLUSION

Based upon the foregoing, the Court finds that no genuine issues of material fact exist as to Plaintiff's age discrimination and retaliation claims. Accordingly, the Court finds Defendant's motion for summary judgment should be and hereby is GRANTED and Plaintiff's case is DISMISSED in its entirety.

### *JUDGMENT*

For reasons set forth in an opinion and order filed on February 23, 2005, Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's complaint is dismissed. **The parties have thirty days from entry of this judgment on the docket in which to appeal.**