# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1172

_____

Jeffrey Chubb,                              *
                                            *
            Appellant,                      *
                                            *   Appeal from the United States
      v.                                    *   District Court for the
                                            *   District of Nebraska.
City of Omaha, Nebraska,                     *
                                            *
            Appellee.                       *

_____

Submitted: June 24, 2005
Filed: September 27, 2005

_____

Before ARNOLD, MCMILLIAN, and COLLOTON, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Jeffrey Chubb appeals the entry by the district court[1] of summary judgment in favor of the City of Omaha, Nebraska, on his claim that Omaha violated the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601-2654, by denying him bonus annual leave after he took FMLA leave. We review the district court's decision *de novo*, *see Mayer v. Nextel West Corp.*, 318 F.3d 803, 806 (8th Cir. 2003), *cert. denied*, 540 U.S. 823 (2003), and affirm.

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

The City of Omaha awards a police officer who does not take more than 40 hours of sick leave in a particular year with 2 hours of additional annual leave for each pay period during that year in which the officer had at least 1000 hours of accrued sick leave. For all of 2003, Mr. Chubb had at least 1000 hours of accrued sick leave. When in that year he took three weeks of leave for surgery, however, he "substitute[d]" accrued paid sick leave for FMLA leave, *see* 29 U.S.C. § 2612(d)(2)(B). (Although the term "substitute" is used in § 2612(d)(2)(B), that term is somewhat misleading because the paid sick leave counts against the 12 weeks of leave guaranteed by the FMLA, *see* 29 U.S.C. § 2612(c), (d)(1).) Since the paid sick leave that Mr. Chubb took exceeded 40 hours, Omaha refused to award him the annual leave bonus after he was restored to employment.

Mr. Chubb maintains that, by denying him the annual leave bonus, Omaha failed to restore him "to an equivalent position with equivalent employment benefits," as the FMLA requires. 29 U.S.C. § 2614(a)(1)(B). He points to the regulations that implement this requirement, specifically 29 C.F.R. § 825.215(c)(2), which requires that bonuses "for job-related performance such as for perfect attendance" be available to an employee "upon return from FMLA leave" when that employee "met all the requirements for [the bonus] before FMLA leave began." The title for § 825.215(c), however, is "Equivalent Pay," and what Mr. Chubb seeks is additional annual leave, which the FMLA and accompanying regulations define as a "benefit" rather than "pay." *See* 29 U.S.C. § 2611(5); 29 C.F.R. § 825.215(d). Therefore, we must evaluate Mr. Chubb's claim based on the statutory and regulatory requirements for benefits.

The FMLA limits the benefits to which a restored employee is entitled: "Nothing" in the section on protection of benefits "shall be construed to entitle any restored employee to – (A) the accrual of any ... employment benefits during any period of leave; or (B) any ... benefit ... of employment other than any ... benefit ... to which the employee would have been entitled had the employee not taken the leave."

-2-

29 U.S.C. § 2614(a)(3). (The applicable regulation – 29 C.F.R. § 825.215(d)(2) – essentially repeats the statutory language.) Mr. Chubb contends that he "would have been entitled" to the annual leave bonus "had [he] not taken the leave," and thus the above limitation still redounds in his favor. Omaha counters that it did not deny Mr. Chubb the annual leave bonus because he took FMLA leave; instead it refused him the bonus because he took paid sick leave concurrently with his FMLA leave. Although the FMLA does not define "leave," the statute earlier uses the term "paid ... medical or sick leave" to refer to that specific kind of leave. *See* 29 U.S.C. § 2612(d)(2)(B). Therefore we interpret the term "leave" in § 2614(a)(3) to mean the baseline, unpaid component of leave, apart from any substitution of paid sick leave. *See* 29 U.S.C. § 2612(c); 29 C.F.R. § 825.207. Consequently, Omaha correctly distinguishes between FMLA leave and paid sick leave.

Mr. Chubb further argues, however, that Omaha required him to use his paid leave and that Omaha should not be allowed through such coercion to skirt the FMLA's requirement that he be restored to equivalent benefits. Whether the City of Omaha required Mr. Chubb to take paid annual or sick leave is unclear from the record. Omaha's form for requesting FMLA leave asks employees to select either paid sick leave or annual leave to run concurrently with FMLA leave and states that employees "may not use unpaid leave until all paid leave is exhausted." But a letter sent to Mr. Chubb after he filed his request promised that Omaha would "not require that [Mr. Chubb] substitute accrued paid leave for unpaid FMLA leave." Because Mr. Chubb appeals from the grant of summary judgment, "we view the facts ... in the light most favorable to [him]." *Kraft v. St. John Lutheran Church of Seward, Neb.*, 414 F.3d 943, 945 (8th Cir. 2005). Therefore we will assume without deciding that Omaha required Mr. Chubb to substitute paid leave for FMLA leave.

Mr. Chubb's contention nonetheless fails. Omaha permitted Mr. Chubb to take either paid sick leave or paid annual leave concurrently with his FMLA leave, and had Mr. Chubb chosen annual leave rather than sick leave he would not have forfeited

his annual leave bonus. Thus, by electing paid sick leave he voluntarily ceded his claim to the annual leave bonus. And even if Mr. Chubb had no paid annual leave remaining when he took FMLA leave (we cannot tell from the record), the FMLA allows Omaha to require that Mr. Chubb substitute paid sick leave for FMLA leave, *see* 29 U.S.C. § 2612(d)(2)(B); 29 C.F.R. § 825.207(a). Without the substitution of such paid leave, Mr. Chubb would have gone unpaid. The FMLA does not require employers to provide paid leave, 29 U.S.C. § 2612(c), and we decline to punish Omaha for putting Mr. Chubb in a better position than he would have enjoyed had Omaha fulfilled only its minimum duties under the FMLA. *See id.*; *cf. Ragsdale v. Wolverine Worldwide, Inc.*, 535 U.S. 81, 96 (2002). Therefore we conclude that the voluntariness of Mr. Chubb's election is of no moment, and that Omaha did not violate the FMLA by denying Mr. Chubb an annual leave bonus after he took more than 40 hours of sick leave during his FMLA leave.

Affirmed.

_____