# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4032

_____

Charles Pointer,

        Appellant,

    v.

Home Depot U.S.A., Inc.,

        Appellee.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Missouri.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: September 26, 2006
Filed: September 26, 2006

_____

Before MURPHY, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Charles Pointer appeals the district court's[1] adverse grant of summary judgment in his Title VII suit claiming race and sex discrimination, and the court's denial of his postjudgment motions. We affirm.

First, the district court did not abuse its discretion in denying Pointer's discovery motions. See Stanback v. Best Diversified Prods., Inc., 180 F.3d 903, 911 (8th Cir. 1999) (standard of review for denial of motion for continuance under Fed.

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

R. Civ. P. 56(f)); <u>Lee v. Armontrout</u>, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam) (standard of review for denial of motion to compel discovery). Second, upon de novo review, <u>see</u> <u>Evers v. Alliant Techsystems, Inc.</u>, 241 F.3d 948, 953 (8th Cir. 2001), we conclude Pointer did not present evidence demonstrating that he was qualified for the position for which he applied. <u>See</u> <u>Pope v. ESA Servs., Inc.</u>, 406 F.3d 1001, 1006 (8th Cir. 2005) (burden-shifting framework); <u>Mayer v. Nextel W. Corp.</u>, 318 F.3d 803, 809 (8th Cir. 2003) ("Evidence, not contentions, avoids summary judgment."); <u>Caviness v. Nucor-Yamato Steel Co.</u>, 105 F.3d 1216, 1223 (8th Cir. 1997) (to establish prima facie case under Title VII for discriminatory failure to hire, plaintiff must be able to prove, inter alia, that he applied and was qualified for position for which employer was seeking applicants). Finally, the district court did not abuse its discretion in denying Pointer's postjudgment motions. <u>See</u> <u>Arnold v. Wood</u>, 238 F.3d 992, 998 (8th Cir. 2001) (standard of review for denial of Fed. R. Civ. P. 60(b) motion); <u>Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills</u>, 141 F.3d 1284, 1286 (8th Cir. 1998) (standard of review for denial of Fed. R. Civ. P. 59(e) motion).

Accordingly, we affirm. We also deny Pointer's appellate motion for sanctions.

_____