# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-1889

———————

David Shannon, Sr.,                                    *
                                                       *
              Appellant,                               *
                                                       *     Appeal from the United States
       v.                                              *     District Court for the
                                                       *     Southern District of Iowa.
Barilla America, Inc.; Stacey Cale;                    *
Larry Covington; Jason Morey,                          *          [UNPUBLISHED]
                                                       *
              Appellees.                               *

———————

Submitted:  September 25, 2008
Filed: December 1, 2008

———————

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

———————

PER CURIAM.

On December 22, 2004, David Shannon, Sr., was fired from his job as a forklift operator at Barilla America, Inc., after he caused several forklift collisions. Shannon sued Barilla,[1] alleging that he was terminated because of his age (fifty-one years old at the time of termination) in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621–634, and the Iowa Civil Rights Act of 1965, Iowa

———————

[1]Shannon later added Larry Covington, Barilla's plant manager; Jason Morey, Shannon's immediate supervisor; and Stacey Cale, Barilla's human resources manager as defendants. For simplicity, we generally use "Barilla" to refer to all the defendants.

Code §§ 216.1–216.20. The District Court[2] entered summary judgment for Barilla. The court concluded that although Shannon had established a prima facie case of age discrimination, Shannon could not establish that Barilla's legitimate, nondiscriminatory reasons for Shannon's termination were a pretext for age discrimination. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000) (discussing burdens of proof in ADEA cases). On appeal, Shannon argues that the District Court erred in entering summary judgment because he presented sufficient evidence to demonstrate material factual disputes concerning pretext. After de novo review, we affirm.

The District Court determined that Shannon would be unable to prove by a preponderance of the evidence that the legitimate reasons offered by Barilla for terminating him were a pretext for discrimination. Barilla asserted that it made the decision to terminate Shannon based on the following uncontested facts:

- In April 2004, while Shannon was changing a forklift battery, the battery slipped off the pallet, fell over, and spilled battery acid.
- In September 2004, Shannon was reprimanded for failing to mark dates on pallets before putting them away.
- In early October 2004, Shannon hit a pole with the forklift's cage while a maintenance worker was in the cage. Shannon testified that he was aware that he should not have moved the cage with someone in it. He also conceded that his supervisor discussed the incident with him and advised him of safety concerns.
- On October 26, 2004, Shannon struck the platform of a large production machine with his forklift. A machine operator was standing on the platform at the time.

---

[2]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

- On December 17, 2004, Shannon ran a forklift into a support pole, causing more than $11,000 in damage to the forklift. He testified that he was driving the forklift through the warehouse when he heard the horn of another driver, turned his head, and hit the pole.

- At a meeting with Barilla management on December 22, 2004, Shannon was asked what he could do to avoid further accidents. Shannon responded that Barilla could remove the poles. Barilla viewed this as Shannon failing to take responsibility for the collision. When asked what behaviors he would change, Shannon responded broadly that he would "be more safe when using the forklift." J.A. at 211. Barilla management determined that Shannon's responses at this meeting showed that Shannon would not accept responsibility or change his behavior on the forklifts.

To demonstrate that Barilla's reasons for the termination were pretextual, Shannon presented evidence and argument on two issues. First, Shannon asserted that two younger employees, Brian Morey and Dan Engleman, had similar forklift accidents but were not terminated. The District Court rejected this argument because it determined that Shannon could not prove that the two younger employees "were similarly situated in all relevant respects." Rodgers v. U.S. Bank, N.A., 417 F.3d 845, 853 (8th Cir. 2005). As to Morey, Barilla presented evidence that Morey's forklift collisions cost the company next to nothing, while Shannon's December accident cost the company more than $11,000. Shannon presented no evidence to dispute these facts. Thus, the misconduct of the two employees was not of comparative seriousness. Moreover, Barilla deemed Morey more receptive to correction than Shannon. A Barilla supervisor testified that Morey took personal responsibility for his actions while Shannon did not change his habits on the forklift.[3] Shannon does not challenge

---

[3]Shannon's disavowal of responsibility continued into the discovery phase of this case. At his deposition, when asked about the battery spill and the two October forklift collisions, Shannon testified, "[N]one of them was my problem. None of them was due to my negligence. . . ." J.A. at 71.

this conclusion; he simply asserts that he was never disciplined for his accidents. As to Engleman, the District Court concluded that Engleman was not similarly situated to Shannon because Engleman suffered cognitive and memory problems. As a result, Barilla management set out a clear plan for Engleman to follow. Shannon does not dispute that Engleman has mental limitations. Rather, Shannon argues that Engleman had more accidents than Shannon but was not terminated. Shannon fails to note that there is no evidence in the record showing that Engleman's accidents caused damage to the company. Rather, Engleman had a history of injuring himself by failing to follow the proper approach in operating equipment. A Barilla supervisor testified, moreover, that Engleman responds well to coaching and a clearly delineated plan. The District Court correctly found that Shannon failed to present evidence showing that he was similarly situated to Morey or Engleman.

Shannon's second pretext argument challenged Barilla's claims that Shannon had a history of unsafe acts and had not previously responded to discipline or counseling. Shannon asserts that there is an issue of material fact concerning whether Barilla ever coached or counseled him on safety. Shannon notes that Barilla did not complete any accident reports or discipline forms with respect to any accidents caused by Shannon prior to the October 26, 2004, incident. He further asserts that Barilla failed to follow its own progressive discipline policy. Significantly, Shannon does not deny that the previous incidents happened; he just asserts that these previous accidents "did not constitute a history of unsafe acts" for which he was disciplined. Appellant Br. at 21. The record is uncontroverted that Shannon committed a series of forklift collisions and other safety violations immediately prior to his termination. Shannon admitted that he was verbally counseled about at least three of these incidents. Shannon has failed to present any evidence that generates a genuine issue of material fact as to whether Barilla had a good-faith belief that Shannon was unwilling to change his behavior and respond to coaching. "Employers are free to make employment decisions based upon mistaken evaluations. . . . Federal courts do not sit as 'super personnel departments reviewing the wisdom or fairness of the business

judgments made by employers, except to the extent that those judgments involve intentional discrimination.'" Edmund v. MidAmerican Energy Co., 299 F.3d 679, 685–86 (8th Cir. 2002) (quoting Cronquist v. City of Minneapolis, 237 F.3d 920, 928 (8th Cir. 2001)). With regard to Barilla's alleged deviation from its progressive discipline policy, the policy expressly noted that the company reserved the right to immediately terminate an employee. In any event, we have said that an employer "'can certainly choose how to run its business,' including not to follow its own personnel policies regarding termination . . . 'as long as it does not unlawfully discriminate in doing so.'" Hass v. Kelly Servs., Inc., 409 F.3d 1030, 1036 (8th Cir. 2005) (quoting Mayer v. Nextel West Corp., 318 F.3d 803, 810 (8th Cir. 2003)).

The District Court correctly determined that Shannon presented no evidence that could support his assertion that Barilla's proffered reasons for his termination were a pretext for intentional age discrimination. As the District Court noted, "[T]here is no issue of material fact that Shannon caused the forklift accident on December 17, 2004, which resulted in damage in excess of $11,000, that Shannon had two other forklift accidents within two months prior to his termination, and that [Barilla's plant manager] believed that Shannon would not benefit from continued coaching or counseling." Order of March 10, 2008, at 15. Barilla was therefore entitled to judgment as a matter of law.

We affirm the judgment of the District Court.

_____