# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3892

_____

Lee Ann Krough,                                    *
                                                   *
            Appellant,                             *
                                                   *   Appeal from the United States
      v.                                           *   District Court for the
                                                   *   Southern District of Iowa.
Cessford Construction Company,                     *
                                                   *
            Appellee.                              *

_____

Submitted:  May 12, 2003

Filed:  July 17, 2003

_____

Before BOWMAN, HEANEY, and BYE, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Lee Ann Krough alleged that her former employer, Cessford Construction Company, failed to rehire her for seasonal employment in retaliation for her complaints of sexual harassment and unequal pay.  The District Court[1] granted Cessford's motion for summary judgment, and we affirm.

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

Krough began working at Cessford in 1994 as a flagger. Her employment was seasonal—Cessford hired her at the beginning of the construction season and let her go at the season's end. Cessford rehired Krough again as a flagger in both 1995 and 1996. In 1997, Cessford hired Krough for a seasonal quality-control position and rehired her in that capacity in 1998 and in 1999. This litigation spawned from events during her 1999 seasonal term of employment. On June 14 of that year, a Cessford employee named Marvin Baker lodged a harassment claim against another Cessford employee, J.B. Marks, who was a close friend of Krough. Cessford eventually fired Marks. On June 25, Krough made a sexual-harassment complaint against Baker and also complained to Cessford that her predecessor in her quality control position earned a higher salary than she did. Cessford's equal opportunity employment officer investigated each allegation, found no wrongdoing, and reported his findings to Krough. As the District Court explained in some detail, see Krough v. Cessford Construction Co., 231 F. Supp. 2d 914, 918–19 (S.D. Iowa 2002), Krough's behavior at Cessford subsequently turned sour. She constantly complained to her co-workers about her wages and threatened to quit. Much of her grumbling concerned her request for a salary increase for working on a certain federal project even though she was aware that the federal project did not allow higher wages for her position. Krough's superior, Ted Huisman, stated that her complaints "really burned [him] up." Huisman Dep. at 21.

Cessford did not rehire Krough for the 2000 construction season. She then filed this lawsuit, claiming that Cessford violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a) (2000), by failing to rehire her in retaliation for her complaints made on June 25, 1999, of sexual harassment and unequal pay. Krough also alleged two equal-pay claims under Title VII and the Iowa Civil Rights Act. Cessford successfully moved for summary judgment on all claims, and Krough raises only the retaliation claim on appeal. We review the District Court's grant of summary judgment de novo. Lerohl v. Friends of Minn. Sinfonia, 322 F.3d 486, 488 (8th Cir. 2003). Summary judgment is appropriate when there is no genuine issue as to any

material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

Because Krough has only circumstantial evidence that Cessford's decision not to rehire her was the result of her complaints, we analyze her retaliation claim within the familiar framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Mayer v. Nextel W. Corp., 318 F.3d 803, 806–07 (8th Cir. 2003). The initial burden falls on Krough to establish a prima facie case of retaliatory discrimination. If she meets this burden, the burden shifts to Cessford to demonstrate that its decision not to rehire Krough was based on legitimate reasons unrelated to retaliation. Should Cessford demonstrate legitimate reasons for its decision, the burden shifts back to Krough to prove that these reasons were a mere pretext for a retaliatory motive.

After reviewing the record, we conclude that Krough has not established a prima facie case of retaliatory discrimination. To make out a prima facie case, Krough was obliged to show that she engaged in activity protected by Title VII, that an adverse employment action occurred, and that a causal connection linked her protected activity and the adverse employment action. See Buettner v. Arch Coal Sales Co., 216 F.3d 707, 713–14 (8th Cir. 2000), cert. denied, 531 U.S. 1077 (2001). Cessford concedes that Krough's formal complaint made on June 25, 1999, was a protected activity. Even if we concluded that Cessford's decision not to rehire Krough was an adverse employment action, we agree with the District Court that there is no causal connection between her protected activity and Cessford's decision. The evidence in the record demonstrates that Cessford took Krough's complaints seriously and provided Krough with a report of its findings. See Joe McGuire Aff. at 3–5. In addition, Cessford's decision not to rehire Krough came nine months after her June 25 complaint. As the District Court explained, this gap in time weakens any inference of retaliation. See Calder v. TCI Cablevision of Mo., Inc., 298 F.3d 723, 731 (8th Cir. 2002). Krough's best evidence of a link between her protected activity and Cessford's decision not to rehire her is Huisman's statement that her complaints

and threats to quit "really burned [him] up," but we do not believe that this statement constitutes such a link. Huisman's exasperation with Krough's frequent salary-related complaints is neither unexpected nor unreasonable given that Huisman had earlier been responsible for securing pay raises for Krough, see Krough Dep. at 29, 50, and that Krough knew that she was ineligible to receive increased pay from working on Cessford's federal project. In sum, we interpret Huisman's frustration in the same way as did the District Court—as the product of being subject to a series of baseless complaints, not as evidence of an intent to retaliate.

Because Krough failed to make a prima facie case of discrimination, we affirm the District Court's grant of summary judgment in favor of Cessford.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.