# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3746

_____

| | | |
|---|---|---|
| Donna Green, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| City of Pine Bluff, Arkansas, | * | |
| | * | [UNPUBLISHED] |
| Defendant-Appellee. | * | |

_____

Submitted: July 8, 2004
Filed: August 2, 2004

_____

Before WOLLMAN, LAY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Donna Green appeals the district court's[1] adverse grant of summary judgment in her employment-discrimination suit against the City of Pine Bluff, Arkansas ("the City"). Green asserted claims under Title VII, the Due Process Clause of the Fifth Amendment, the Arkansas Civil Rights Act of 1993 ("ACRA"), and other state laws. Having carefully reviewed the record, we affirm. See Palesch v. Mo. Comm'n on

_____

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

<u>Human Rights</u>, 233 F.3d 560, 565-66 (8th Cir. 2000) (summary judgment standard of review).[2]

Green's employment as a police officer with the Pine Bluff Police Department was terminated following an incident on September 4, 2000, in which Green heard gunshots outside her apartment building and was next to her bedroom window when it was smashed by a beer bottle. Without looking out the window, Green grabbed her service weapon and fired four shots toward the ground. She then looked and saw her estranged husband's vehicle leaving the parking lot. When the police arrived at her apartment, Green initially failed to disclose that she had fired her weapon, but she later corrected her report. On October 2, 2000, the Chief of Police, Nathaniel Clark, notified Green that she had been terminated for violating several department policies, including those covering use of force, conduct unbecoming an officer, and dishonesty or untruthfulness. The Pine Bluff Civil Service Commission unanimously upheld Clark's decision. Following her termination, Green alleged she had been sexually harassed by Clark and her direct supervisor. She eventually filed suit, claiming she was subjected to hostile work environment sexual harassment, terminated in retaliation for complaining about the harassment, and disciplined more harshly than her male co-workers.

We agree with the district court's conclusion that Green failed to establish a prima facie case of retaliation. <u>See</u> <u>Krough v. Cessford Constr. Co.</u>, 336 F.3d 710, 712 (8th Cir. 2003) (to make out a prima facie case of retaliation, a plaintiff must "show that she engaged in activity protected by Title VII, that an adverse employment action occurred, and that a causal connection linked her protected activity and the adverse employment action"). The record does not demonstrate that Green engaged

---

[2]Because we affirm the district court's ruling on Green's Title VII claims, we necessarily affirm its ruling on her ACRA claims. <u>See</u> <u>Henderson v. Simmons Foods, Inc.</u>, 217 F.3d 612, 615 n.3 (8th Cir. 2000).

in any protected activity. Green testified that she had not reported any of the harassing behavior to her supervisors or anyone "up the chain of command." The only evidence that Green ever attempted to report the offensive behavior was her request that another officer file a complaint on her behalf. The officer refused to file the complaint, but it is unclear from the record when Green made the request and whether the officer Green approached was responsible for taking such complaints. Green has not come forward with any evidence to rebut Clark's sworn statement that he was unaware of any offensive behavior. Even if Green had established a prima facie case, she has failed to present sufficient evidence to prove the City's legitimate, nondiscriminatory reason for her termination – her violation of several department policies in connection with the discharge of her weapon and her subsequent untruthfulness about the incident – was a pretext for intentional discrimination. See id. (describing burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973), in a retaliatory discrimination case).

We also agree with the district court's conclusion that Green failed to come forward with evidence from which a reasonable jury could find she was subjected to hostile work environment. Although Green testified that she endured unwelcome sexual harassment during her employment, the evidence she presented failed to demonstrate that the harassing conduct was so severe or pervasive that it altered the conditions of her employment and created a hostile working environment. See Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993). Green's testimony, in general, shows that she found the police department to be a good place to work and that she got along with the other officers. On appeal, Green contends the district court erred by disregarding a report prepared at the request of the Mayor of Pine Bluff following complaints of sexual harassment by female police officers. We find that this report is insufficient to create a genuine issue of material fact because the report is not sworn or certified and consists largely of inadmissible hearsay. See Firemen's Fund Ins. Co. v. Thien, 8 F.3d 1307, 1310 (8th Cir. 1993); Fed. R. Civ. P. 56(c).

Finally, we conclude the district court correctly granted summary judgment on Green's disparate treatment claim because Green failed to demonstrate that similarly situated male police officers were treated differently.  See Clark v. Runyon, 218 F.3d 915, 918 (8th Cir. 2000) (the employee must demonstrate, by a preponderance of the evidence, that other individuals were similarly situated in all relevant respects; individuals used for comparison "must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances"); Harvey v. Anheuser-Busch, Inc., 38 F.3d 968, 972 (8th Cir. 1994) (misconduct of more leniently disciplined employees must be of comparable seriousness).  Green compares herself to several male officers who were not terminated for firing warning shots with their service weapons, being untruthful, or engaging in other misconduct.  However, she has not demonstrated that the misconduct of the male officers was similar in all relevant respects to Green's misconduct or that their misconduct was comparable in seriousness to hers.  Furthermore, many of the male officers were disciplined under police chiefs other than Clark.

For the foregoing reasons, we affirm.

_____